In the Matter of Supplementary Proceedings: CHARLES GUTKIN, Respondent, v. ALFREDO VILLARI, Judgment Debtor, and BROOKLYN SAVINGS BANK, Third Party Depository, Appellant.— In proceedings supplementary to execution, order of the Supreme Court, Kings county, directing appellant, a third party, to pay to the judgment creditor the sum of $450.92, on deposit with it to the credit of the judgment debtor, affirmed, without costs. While on a former appeal we held that the notice to the judgment debtor was insufficient even though thirty-three days elapsed between the mailing of the notice and the return day, in our opinion the notice in the instant application is sufficient to constitute due process of law within the meaning of section 794 of the Civil Practice Act. In the former application no order of the court was obtained at Special Term providing the manner in which the notice was to be served, the proof of the judgment debtor's address in Italy was insufficient, and the notice did not specify the particular part of the Supreme Court where the application was returnable, and the notice was sent by ordinary mail. In the instant application, pursuant to the order of the court, the motion papers were sent by registered mail to Baronissi, Province of Naples, Italy, where the judgment debtor resides, on January 5, 1937. It appears they reached Naples on January 14, 1937. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Probate of the Last Will and Testament of ANNA HEINZ, Also Known as ANNIE HEINZ, Deceased. ANNA FUCHS and CAROLINE KASSEL, as Executrices Named in the Last Will and Testament of ANNA HEINZ, Also Known as ANNIE HEINZ, Deceased, Appellants; GEORGE HEINZ and PETER HEINZ, Respondents.— In a proceeding for the probate of a paper writing bearing date February 6, 1936, propounded as the last will and testament of the decedent, Anna Heinz, decree of the Surrogate's Court of Queens county denying probate reversed on the law and the facts, with costs to appellants, payable out of the estate, and the matter remitted to the Surrogate's Court with a direction to enter a decree (1) admitting the will to probate and (2) construing the fourth clause thereof to mean that the testator intended to forgive and discharge any indebtedness owing to her by her son George Heinz or her son Peter Heinz. The evidence was wholly insufficient to create an issue (a) as to the due execution of the alleged will, (b) as to the testamentary capacity of the decedent, (c) as to the alleged fraud, deceit and undue influence practiced upon the decedent, or (d) as to her freedom from restraint. The objections were and the verdict of the jury was unsupported by evidence. In the phase involving construction of the fourth clause of the will, as requested in the petition for probate as amended upon the trial, we are of opinion that it clearly appears that the testatrix intended to forgive and discharge any indebtedness owing to her by her son George Heinz or by her son Peter Heinz. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.